# United States District Court
## for the
## Western District of New York

| | |
|---|---|
| United States of America<br>v.<br>**IVAN NOVYK**<br>*Defendant* | Case No. 25-mj-1374 |

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.

On or about the date of September 14, 2025, in the Western District of New York, the defendant, an alien, and not a citizen or national of the United States, did knowingly and willfully enter the United States at a time and place other than as designated by Immigration Officers for entry into the United States.

**In violation of Title 8, United States Code, Section 1325(a).**

This Criminal Complaint is based on these facts:

☒   Continued on the attached sheet.

*Complainant's signature*

THOMAS J. COFFMAN
PATROL AGENT
U.S. BORDER PATROL
*Printed name and title*

Sworn to before me and signed telephonically.

Date: September 17, 2025

*Judge's signature*

City and State: Buffalo, New York

HONORABLE JEREMIAH J. McCARTHY
UNITED STATES MAGISTRATE JUDGE
*Printed name and title*

## AFFIDAVIT IN SUPPORT OF CRIMINAL COMPLAINT

STATE OF NEW YORK   )
COUNTY OF ERIE       )   SS:
CITY OF BUFFALO      )

I, Thomas J. Coffman, being duly sworn, deposes and says that:

1. I am a United States Border Patrol Agent with the United States Border Patrol, within the Department of Homeland Security (DHS), stationed in Buffalo, New York. I have been employed as a Border Patrol Agent for fourteen (14) years. In such capacity, my official duties include investigating people who have violated federal immigration laws and other related federal statutes. I have conducted and participated in investigations relating to Improper Entry by an Alien in the United States, in violation of Title 8, United States Code, Section 1325(a).

2. As a Border Patrol Agent, I am authorized to investigate violations of laws of the United States, and I am a Law Enforcement Officer with the authority to effectuate arrests and execute criminal complaints and warrants issued under the authority of the United States. As part of my current duties, I have become involved in an investigation of a suspected violation of Title 8, United States Code, Section 1325(a) Improper Entry by an Alien.

3. I make this Affidavit in support of the Criminal Complaint charging Ivan NOVYK (hereinafter "NOVYK"), an alien, born in 1989 in Ukraine, with having been found

in the United States, at a time and place other than as designated by immigration officers and without inspection by immigration officers, in violation of Title 8, United States Code, Sections 1325 (a).

4. The statements contained in this affidavit are based upon my personal observations, my training and experience, my review of database checks and official records, and upon information provided to me by other U.S. Border Patrol and other law enforcement officers. Because this affidavit is being submitted for the limited purpose of securing a criminal complaint, I have not included each fact known to me concerning this investigation. I have set forth only the facts that I believe are necessary to establish probable cause to believe that the defendant did knowingly violate Title 8, United States Code, Sections 1325(a).

## PROBABLE CAUSE

5. On or about September 14, 2025, Depew Police department called Buffalo Sector Dispatch requesting Border Patrol assistance regarding a subject, later identified as NOVYK, they had detained for being aboard the Amtrak train without a ticket in Depew, New York.

6. Depew Police Officers transported NOVYK to the Buffalo Border Patrol Station in Tonawanda, New York where Border Patrol Agents would be able to identify NOVYK. Upon arrival, Agents identified themselves as U.S. Border Patrol Agents and questioned NOVYK as to his citizenship, with the aid of an interpreting service. NOVYK responded that he is Ukrainian. NOVYK then presented a passport confirming this claim.

2

7.  NOVYK consented to questioning and Border Patrol Agents confirmed through questioning that NOVYK is a citizen and national of Ukraine, and not a national of the United States. This was confirmed through the Buffalo Sector Integrated Border Communications Center (IBCC) who conducted a record check on NOVYK. NOVYK stated that he did not have any documents that would allow him to be or remain in the United States lawfully.

8.  During questioning, NOVYK claimed to have illegally entered the United States by walking through the vehicle lanes at the Rainbow Bridge in Niagara Falls, New York. NOVYK stated he walked across the bridge unnoticed and was never stopped or inspected by Officers at the bridge. This claim was later substantiated by security footage of the bridge; of a subject, appearing to be NOVYK, illegally entering the United States from Canada on the date and approximate time which NOVYK claimed to have entered.

9.  U.S. Border Patrol Agents took NOVYK into custody. As a part of processing, an electronic scan of NOVYK's fingerprints were taken to verify his identity and any immigration history he may have in the United States. This query resulted in an identical biometric match revealing that NOVYK had been issued an immigration fingerprint identification number. NOVYK was issued an FBI number.

10. Criminal and immigration database record checks associated with NOVYK's fingerprints revealed the following:
    a. NOVYK is a native and citizen of Ukraine.

    b. NOVYK had a valid Canadian Work Permit which expired on September 13, 2025.

    c. NOVYK is permanently ineligible to receive any benefits under United 4 Ukraine (U4U) or any other United States immigration benefits as he is linked to a United States based supporter who submitted a fraudulent U.S. passport on a U4U application.

    d. On or about March 19, 2025, NOVYK was encountered at the Rainbow Bridge bus terminal in Niagara Falls, New York, making an application for admission.

    e. On or about March 19, 2025, NOVYK was processed as a withdrawal of application in lieu of a removal and was subsequently returned to Canada via the Rainbow Bridge in Niagara Falls, New York.

11. There is no record that NOVYK had applied for or received any authorization or approval from the Attorney General of the United States, or the Secretary of the Department of Homeland Security to enter the United States.

12. NOVYK admitted he is not a United States citizen or national of the United States, neither of his parents are citizens or nationals of the United States, and he was born on May 23, 1989, in Ukraine. NOVYK further admitted that his mother was born in Ukraine and his father was born in Ukraine, and neither parent is a United States national. Ukraine is not an outlying possession of the United States.

13. Based on the foregoing, your affiant respectfully submits that there is probable cause to believe that on or about September 12, 2025, within the Western District of New York, Ivan NOVYK, did illegally enter the United States at a time and place other than as

designated by immigration officers and without inspection by immigration officers, in violation of Title 8, United States Code, Sections 1325(a).

_____
THOMAS J. COFFMAN
U.S. Border Patrol Agent
United States Border Patrol

Sworn and subscribed to before me telephonically
on this 17th day of September 2025.

_____
HONORABLE JEREMIAH J. McCARTHY
United States Magistrate Judge

5